*In re* MONTREUIL'S ESTATE.

CLAIM OF JOHNSON & CARLSON.

1. CORPORATIONS—PREORGANIZATION CONTRACTS BY PROMOTERS.

An order for brewery equipment, given in behalf of a contemplated corporation which was in fact later organized and to whose plant equipment was delivered and installed, brought no liability to promoter, acting in behalf of the corporation subsequently organized, in the absence of his personal pledge (Act No. 327, § 8, Pub. Acts 1931).

2. SAME—COMMON LAW—STATUTES—CHARTERS—PREINCORPORATION CONTRACTS.

In the absence of a charter or statutory provision, a contract, made by the promoters of a corporation on its behalf before incorporation is a nullity and cannot be adopted or ratified and become binding upon the corporation after incorporation.

3. SAME—LIABILITY ON PREINCORPORATION CONTRACTS ADOPTED, ACCEPTED OR RATIFIED.

Generally, preincorporation contracts made on behalf of a subsequently organized corporation by its promoters may be adopted, accepted or ratified by the corporation when organized and it is then liable, both at law and in equity, on the contract itself and not merely for the benefits which it has received.

4. PRINCIPAL AND AGENT—NONEXISTING PRINCIPALS.

There can be no agency in behalf of a nonexisting principal unless sanctioned by law.

5. CORPORATIONS—STATUTES—ABROGATION OF COMMON-LAW RULE AS TO PREINCORPORATION CONTRACTS.

Under statute authorizing incorporators to make valid contracts for corporation to be formed preliminary to the filing of articles, and abrogating the common-law rule that promoters may make no contract binding a proposed corporation thereafter formed, an order for brewery equipment in behalf of a contemplated corporation, upon organization thereof, by adoption and acts of the parties became a contract exclusively between such corporation and party with whom the order was placed

and imposed no personal liability on promoter who gave the
order (Act No. 327, § 8, Pub. Acts 1931).

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted October 18, 1939. (Docket No. 97, Calendar No. 40,775.) Decided December 20, 1939.
Rehearing denied February 14, 1940.

In the matter of the estate of Albert T. Montreuil,
deceased. Johnson & Carlson, an Illinois corporation, filed its claim. Claim denied. Claimant appealed to circuit court. Judgment for estate.
Claimant appeals. Affirmed.

*Howard A. Donnelly* (*Dalton G. Seymour,* of
counsel), for plaintiff.

*Beaumont, Smith & Harris,* for defendant.

WIEST, J. Plaintiff filed a claim against the estate of Albert T. Montreuil, deceased, for balance
due on brewery equipment installed in the plant of
the Albert Brewing Company, in Detroit, on the
ground that the order for the equipment and circumstances surrounding the same imposed personal liability on Mr. Montreuil. The claim was disallowed
in the probate court and on appeal in the circuit
court and is here by appeal.

February 27, 1936, plaintiff sent a written proposition to the Mundus Brewing Company, at Detroit,
covering the equipment and price thereof installed.

Mr. Montreuil was interested in the formation of
a new brewing corporation in place and stead of the
Mundus Brewing Company, and on March 3, 1936,
he signed and sent the following order to plaintiff:

"*Gentlemen:*

"I beg to place an order with you for nine closed
fermenting ale tanks, as described in your letter ad-

dressed to the Mundus Brewing Company dated February 27th, and also 32 open fermenters and three oval open fermenters, as also described in the said letter, the bottoms and heads to be made from 3″ material and the staves to be of 2½″ material.

"I am placing this order now in order to save time and I may state that just as soon as the new brewing company is organized at the first meeting of the board of directors this order will be confirmed by them.

"Yours very truly,

"A. T. Montreuil.

"P. S. The total barrelage capacity of the above tanks will be 6,040 barrels, and the price is to be $23,625."

The new corporation, styled the Albert Brewing Company, was organized three days later, and the equipment was installed in the plant of that company and billed to it, and that company paid the bill in part and for the balance executed a series of notes sent to it by plaintiff. The new corporation became bankrupt, and plaintiff presented its claim against it in the bankruptcy proceeding and also presented the same claim against the estate of Albert T. Montreuil, deceased, claiming that the order 'by Mr. Montreuil was given as a promoter of the corporation and constituted a contract between him and plaintiff.

Contemporaneous action demonstrating the purpose and understanding of the scope of the order and the relation and liability of the parties thereunder carries meaning wholly inconsistent with plaintiff's present desire.

The order given in behalf of the contemplated corporation, in fact later organized, and followed by delivery to and installation in the plant of the new company, brought no liability to Mr. Montreuil, act-

ing in behalf of the corporation subsequently organized, in the absence of his personal pledge.

In the instance at bar, under the express terms of the order, it was solely for and in behalf of the corporation to be organized and on its face negatived any other relation.

Counsel for plaintiff cite *Kelner* v. *Baxter*, L. R. 2 C. P. 174, and other English cases and some American cases employing the doctrine as observed by 1 Fletcher on Corporations (Perm. Ed.), chap. 9, § 207:

"In the absence of a charter or statutory provision, a contract made by the promoters of a corporation on its behalf before incorporation is a nullity, and that the corporation cannot adopt or ratify it, and thus become bound by it, after incorporation."

In the same section Fletcher says:

"In so far as English precedents are relied on in American cases, it is necessary to read them in the light of the English statutes, which make certain distinctions noted below, and to draw conclusions with caution. Since the English cases are often cited without the statutory background a synopsis of the salient distinctive features of the English Companies Act of 1844 is set out below. It will be observed that there was a positive statutory ban on all but strictly promotive contracts even during the period of 'provisional registration' and as to all those prior thereto. Hence, of course they could not be adopted. On this beginning the English doctrine was laid."

Also:

"American courts generally hold that a contract made by the promoters of a corporation on its behalf may be adopted, accepted or ratified by the corporation when organized, and that the corporation

is then liable, both at law and in equity, on the contract itself, and not merely for the benefits which it has received." Citing many cases.

Plaintiff contends that there can be no agency in behalf of a nonexisting principal. This must be qualified by stating, unless sanctioned by law.

This common-law rule evidently accounts for the enactment of Act No. 327, § 8, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 10135-8, Stat. Ann. § 21.8), as a part of the general corporation act serving as a charter for Michigan corporations. That section provides:

"No contract made by the incorporators for or on behalf of any corporation to be formed preliminary to the filing of the articles shall be deemed to be invalid or ineffectual because made prior to such filing, and all property held by such incorporators for the benefit of the proposed corporation shall be deemed to be the property of such corporation."

This statute enables the incorporators to make valid contracts, "for or on behalf of any corporation to be formed preliminary to the filing of the articles," and abrogates the common-law rule invoked by plaintiff to the effect that promoters may make no contract in behalf of a proposed corporation. Under this statute the order in behalf of the contemplated corporation, upon organization of such corporation, by adoption and the acts of the parties, became a contract exclusively between such corporation and plaintiff.

Questions raised relative to admission and exclusion of evidence have been examined and, under the disposition we make of the case, are of no moment.

The judgment is affirmed, with costs.

Butzel, C. J., and Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.